IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHONE DIRECTORIES COMPANY, INC., <br><br>    Plaintiff, <br><br>vs. <br><br>KELLY CLARK, an individual and THE LOCAL PAGES, INC., a Utah corporation, <br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON SECOND ORDER TO SHOW CAUSE FINDING DEFENDANTS ARE NOT IN CONTEMPT <br><br><br><br>Case No. 2:00-CV-468 TS |

    This matter is before the Court for a Second Order to Show Cause why Defendant should not be held in contempt for violating this Court's Injunction regarding deceptive practices during the sale of advertising in competing phone directories.

    Plaintiff Phone Directories brought this case as a Lanham Act claim against Defendants The Local Pages and its owner Kelly Clark alleging unfair competition arising from Defendants' sales of advertising in their competing phone directory. On February 4,

2002, the Complaint was resolved without a finding of fault or liability by a Stipulated Judgment and Injunction.[1]

The Injunction "prohibits the parties from engaging in the following deceptive conduct in carrying on their respective businesses of soliciting Customers and publishing telephone directories:"

> 1. Falsely representing to Customers that they are associated with, affiliated with, or in any way represent a Competing Entity.
>
> 2. Falsely representing or deceptively passing off or referring to the Competing Entity's telephone directory, or any part thereof, as their own.
>
> 3. Falsely representing to Customers that the Competing Entity will no longer publish a telephone directory in a Geographical Area.
>
> 4. Falsely representing to Customers that the Party is replacing the Competing Entity as the publisher of telephone directories in a Geographical Area.[2]

In its First Motion for an Order to Show Cause, Plaintiff Phone Directories alleged that Defendants violated the Injunction and sought an Order to Show Cause.  The First Order to Show Cause resulted in a finding of contempt (Contempt Order) against Defendants because their employees violated the Injunction by falsely representing they were associated with Plaintiff by, among other things, taking Plaintiff's phone book into a meeting with customer.  The Contempt Order found that damages were not proved, but imposed costs and attorneys fees.

---

[1] Docket No. 28.

[2] Docket No. 28, Stipulated Judgment and Injunction, at 4-5.

The Contempt Order arising from the First Order to Show Cause was appealed. While it was on appeal, Plaintiff obtained a new Order to Show Cause (Second Order to Show Cause) and an evidentiary hearing was held on that Second Order to Show Cause.

Shortly before the evidentiary hearing, Plaintiff sought to include criminal contempt sanctions in the Second Order to Show Cause.[3]  The Court determined that there was not timely notice to Defendants of the possibility of criminal contempt sanctions and declined to consider criminal contempt in connection with Second Order to Show Cause.

After the evidentiary hearing on the Second Order to Show Cause, the parties submitted post-hearing briefing, and the matter was taken under advisement.  While the Second Order to Show Cause was under advisement, the Tenth Circuit issued its opinion affirming the Contempt finding in the First Order to Cause.[4]  Plaintiff filed a Motion seeking to add attorney fees incurred in connection with the appeal of the First Order to Show Cause to its previous award of attorney fees.

Subsequently, counsel informed chambers that there was a settlement.  In an apparent miscommunication, chambers understood that all pending matters in the case were resolved, including the Second Order to Show Cause.  However, counsel apparently was referring to a settlement of only the issue of Plaintiff's request for additional attorney

---

[3]Docket No. 81, at 7.

[4]*Phone Directories Company, Inc. v. Clark*, 209 Fed. Appx. 808 (10th Cir. 2006).

fees. Accordingly, the Court is now issuing its findings on the Second Order to Show Cause.[5]

An injunction binds those parties to the injunction, their agents and employees, and also binds "persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."[6]

> It is well-established in our circuit that compensatory contempt actions are appropriately held before a judge, applying a clear and convincing standard for liability and a preponderance of the evidence standard for sanctions.
>
> * * *
>
> In a civil contempt context, a plaintiff must prove liability by clear and convincing evidence. This means the [plaintiff] "has the burden of proving, by clear and convincing evidence, [1] that a valid court order existed, [2] that the defendant[s] had knowledge of the order, and [3] that the defendant[s] disobeyed the order."[7]

The Court finds that the Injunction is a valid court order, that Defendants had notice of the same, and that the Injunciton is "clear enough to place Defendants on notice of what they must do to comply."[8]

Plaintiff contends that Defendant violated the Injunction when its employee (Clark) went to the office of an Insurance Agency located in Manti, Utah. The Agency's Marketing Director testified that Clark first called and made an appointment to renew their listing. She

---

[5]Plaintiff subsequently obtained a Third Order to Show Cause, which is currently set for an evidentiary hearing and is not affected by this Order.

[6]Fed. R. Civ. P. 65(d).

[7]*F.T.C. v. Kuykendall*, 371 F.3d 745, 754, 756-57 (10th Cir. 2004) (quoting *Reliance Ins. Co v. Mast Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998)).

[8]*Id.,* at 761.

4

also testified that during a meeting between herself, Clark, and the Agency's Owner, Clark brought Plaintiff's directory into the office, and discussed the Agency's prior advertisement with Plaintiff.  Clark testified that as a result of Clark's actions she believed Clark represented Plaintiff and placed an advertisement with Defendant.

The Court found the Agency Owner's deposition testimony undermined the Marketing Director's testimony.  The Agency Owner's testimony was inconsistent with the Marketing Director's on key facts and he could not testify of his own personal knowledge that Clark brought the Plaintiff's phone directory into the Agency.  Instead the Agency Owner testified that either Clark brought it in or Clark used the Agency's copy of Plaintiff's book.[9]

In contrast, Defendant's employee Clark testified that he did not take Plaintiff's book into the Agency.  He testified that the Marketing Director showed him the Agency's advertisement in Plaintiff's book and asked him how much a similar advertisement would be in Defendant's book.  This is consistent with the Owner's testimony that Clark may have used the Agency's copy of Plaintiff's directory when discussing the ad.

Having considered the entire record, including the deposition testimony, the Court finds that Plaintiff failed to met its burden to establish the elements of contempt by clear and convincing evidence because it has not shown by clear and convincing evidence that Defendant's employee Clark disobeyed the Injunction.

---

[9]Eliason Dep. at 23.

5

Having determined that there was no contempt, the Court need not address the parties' evidence or arguments regarding substantial compliance or damages.

It is therefore

ORDERED that Defendants are not in contempt for any matters raised in the Second Order to Show Cause (Docket No. 79).

DATED  April 3, 2008.

>BY THE COURT:
>
>_____
>TED STEWART
>United States District Judge